UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------
IN RE:                                 )                    Case No. 09-22066 (ASD)
                                       )
TARA Y. LEWIS,                         )                    CHAPTER 7
                                       )
              Debtor                   )                    RE: Doc. I.D. No.  28
------------------------------------------

_____

APPEARANCES:

Henry J. Kroeger, III, Esq.                         Attorney for Plaintiff
50 Founders Plaza
Suite 108
East Hartford, CT 06108


Bonnie C. Mangan, Esq.                              Chapter 7 Trustee
The Law Office of Bonnie C. Mangan, P.C.
Westview Office Park
1050 Sullivan Avenue, Suite A3
South Windsor, Connecticut 06074
_____


**BRIEF MEMORANDUM OF DECISION AND ORDER
ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

### I.  INTRODUCTION

The instant contested matter presents a question of the applicability of the

exemption for "an award under a crime victim's reparations law" provided by Section

522(d)(11)(A) of the Bankruptcy Code.  The specific issue raised by the parties is whether

a restitutionary payment received from the Connecticut Home Improvement Guaranty Fund

constitutes such an award.  For the reasons which follow, this Court determines that the

Act which created the Connecticut Home Improvement Guaranty Fund is not a "crime

victim's reparations law" within the meaning of 11 U.S.C. § 522(d)(11)(A), and that any

payment received from this fund is not exempt from the bankruptcy estate of the Debtor

under Section 522(d)(11)(A).

## II.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over

the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority

to hear and determine this matter on reference from the District Court pursuant to 28

U.S.C. §§ 157(a), (b)(1).   This is a "core proceeding" pursuant to 28 U.S.C. §§

157(b)(2)(B).

## III.  PROCEDURAL AND FACTUAL BACKGROUND

The following facts are derived from the Court's judicial notice of the files and

records of this bankruptcy case and/or are undisputed.

On April 8, 2008, the Debtor obtained a judgment against Steve Santilli in Hartford

Superior Court for *inter alia*, conversion, in a case entitled Strobe-General Building Supply

Inc. v. Steve Santilli and Tara Lewis (CV-07-5009169-S).  The Debtor applied to and was

awarded payment from the Connecticut Home Improvement Guaranty Fund.  The Debtor

received this award pursuant to Connecticut General Statutes Section 20-432(d)[1], which

---

[1]Connecticut General Statutes § 20-432(d) states as follows:  Whenever an owner obtains a
court judgment against any contractor holding a certificate or who has held a certificate under this
chapter within the past two years of the effective date of entering into the contract with the owner, for
loss or damages sustained by reason of performance of or offering to perform a home improvement
within this state by a contractor holding a certificate under this chapter, such owner may, upon the final
determination of, or expiration of time for, appeal in connection with any such judgment, apply to the

provides for awards as compensation for unpaid judgment amounts against home improvement contractors.

The Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on July 23, 2009. Bonnie C. Mangan (hereafter, the "Trustee") was appointed trustee of the resulting bankruptcy estate, and a meeting of creditors was held on August 26, 2009 (hereafter, the "Section 341 Meeting"). In Schedule B (Personal Property) accompanying her Petition, the Debtor disclosed a property interest in a joint savings account at New Alliance Bank with a balance of $14,000.00 (the "Account"). On Schedule C (Property Claimed as Exempt) the Debtor claimed an exemption of the entire $14,000 balance in the Account pursuant to 11 U.S.C. § 522(d)(11)(A). At the Section 341 Meeting she testified that the funds in the Account represented a restitutionary award she received from the State of Connecticut Home Improvement Guaranty Fund. The Debtor further testified that she received the award after obtaining a judgment against a home improvement contractor for conversion. A fter an

---

commissioner for an order directing payment out of said guaranty fund of the amount unpaid upon the judgment for actual damages and costs taxed by the court against the contractor, exclusive of punitive damages. The application shall be made on forms provided by the commissioner and shall be accompanied by a certified copy of the court judgment obtained against the contractor together with a notarized affidavit, signed and sworn to by the owner, affirming that: (1) He has complied with all the requirements of this subsection; (2) he has obtained a judgment stating the amount thereof and the amount owing thereon at the date of application; and (3) he has caused to be issued a writ of execution upon said judgment, and the officer executing the same has made a return showing that no bank accounts or real property of the contractor liable to be levied upon in satisfaction of the judgment could be found, or that the amount realized on the sale of them or of such of them as were found, under the execution, was insufficient to satisfy the actual damage portion of the judgment or stating the amount realized and the balance remaining due on the judgment after application thereon of the amount realized, except that the requirements of this subdivision shall not apply to a judgment obtained by the owner in small claims court. A true and attested copy of said executing officer's return, when required, shall be attached to such application and affidavit. No application for an order directing payment out of the guaranty fund shall be made later than two years from the final determination of, or expiration time for, appeal of said court judgment.

initial objection by the Trustee, the Debtor amended her claim of exemption in the Account

to $3,850.00.  Now before the Court is the Trustee's <u>Second Objection to the Debtor's</u>

<u>Claim of Exemption</u>, Doc. I.D. No. 28, objecting to the Debtor's claim of exemption on the

basis that the funds in the Account do not constitute "property that is traceable to an award

under a crime victim's reparation act". Section 522(d)(11)(A).  A hearing on the matter was

held and concluded on October22, 2009.

## IV.  DISCUSSION

The Debtor seeks to exempt this award under Section 522(d)(11)(A) of the

Bankruptcy Code.  Section 522 provides, in pertinent part,

> (b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.
>
> (2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.
> * * * *
> (d) The following property may be exempted under subsection (b)(2) of this section:
> * * * *
> (11) The debtor's right to receive, or *property that is traceable to*–
>
> (A) *an award under a crime victim's reparation law*;

11 U.S.C. § 522 (emphasis added).

Connecticut General Statutes Section 20-432, under which the Debtor received the

relevant payment, was enacted as part of the Home Improvement Act (C.G.S.  §§ 20-418

through  20-432) (hereafter, the "Act") .  <u>See</u> <u>Habetz v. Condon</u>, 224 Conn. 231, 618 A.2d

501 (1992). A principal purpose of the Act was to create the Connecticut Home

Improvement Guaranty Fund to provide payment to homeowners who are "financially

injured by registered home improvement contractors" under a home improvement contract.

Hearing on H.B. 5317 Before the House Comm. on General Law, p. 38 (Conn. 1988)

(statement of Comm. Mary Heslin).

> The [Act] is a remedial statute that was enacted for the purpose of providing the public with a form of consumer protection against unscrupulous home improvement contractors.... The aim of the statute is to promote understanding on the part of consumers with respect to the terms of home improvement contracts and their right to cancel such contracts so as to allow them to make informed decisions when purchasing home improvement services.

M.M. Landscaping, Inc. v. Lorant, 268 Conn. 429, 435, 845 A.2d 382 (2004) (*citing* Wright

Bros. Builders, Inc. v. Doling, 247 Conn. 218, 231, 720 A.2d 235 (1998)).

The Act was not intended to compensate individuals who are victims of a crime but

rather to make homeowners whole when they suffer a loss from non-performance, under-

performance or shoddy construction work by a licensed home improvement contractor. In

light of the purpose of the Act as reflected by its public hearing history, and its language,

the Court determines that the Act (C.G.S. §§ 20-418 through 20-432), is not a "crime

victim's reparations law" within the meaning of 11 U.S.C. Section 522(d)(11)(A)[2].

Consequently, the Debtor is not entitled to an exemption of the payment received from the

Connecticut Home Improvement Guaranty Fund represented by funds in the Account.

## V. CONCLUSION AND ORDER

In accordance with the Court having determined that the Debtor does not qualify for

an exemption, pursuant to 11 U.S.C. § 522(d)(11)(A), of $3,850.00 received from the

---

[2]For a statute which appears to compensate crime victims, see generally, Connecticut General Statutes § 54-201 *et seq.* entitled "Victim Services."

Connecticut Home Improvement Guaranty Fund,

**IT IS HEREBY ORDERED** that the <u>Trustee's Second Objection to the Debtor's Claim of Exemption </u>(Doc. I.D. No. 28) is **SUSTAINED** – the Debtor's amended claim of an exemption, pursuant to Section 522(d)(11)(A), of funds in the Account in the amount of $3,850.00 is **DENIED**.

Dated: October 27, 2009                                                    BY THE COURT

                                                              Albert S. Dabrowski
                                                     Chief United States Bankruptcy Judge